OPINION
{¶ 1} Appellant, Ermal Florence (hereinafter "Florence"), appeals the December 22, 2004 judgment of the Mercer County Court of Common Pleas, Probate Division, which ordered her to return from Clark County, Ohio, to Mercer County, Ohio, during part of December 2004 and January 2005.
 {¶ 2} Florence is a ninety-three year old widow and mother of four adult children: Glen Florence Jr. (hereinafter "Glen Jr."), Harold Florence (hereinafter "Harold"), Janet Smelser (hereinafter "Janet"), and Larry Florence (hereinafter "Larry"). Florence lived with her husband in a home on a family farm in Mercer County, where Florence's husband operated a livestock business. When Florence's husband died, Florence transferred the farm to Glen Jr. and Larry.[1] Florence, however, continued to live in her home.
 {¶ 3} In early 2002, Florence left Mercer County and went to live with Harold and his family in Miami County, Ohio. Florence also stayed in South Carolina with Janet during part of that year. Thereafter, because of her deteriorating physical condition, Florence began living at "The Inn at Fox Run," an assisted-living facility in Clark County. Florence currently resides at that facility.
 {¶ 4} After Florence left Mercer County, Glen Jr. and Larry questioned the transfer of land and other assets from Florence to Harold and Janet. As a result, Glen Jr. and Larry applied in the Mercer County Probate Court for the appointment of a guardian for Florence, alleging she was incompetent because of a physical illness or disability. Glen Jr. and Larry further asserted that Harold had taken Florence from her home against her wishes.
 {¶ 5} On October 6, 2004, the probate court announced at a pretrial hearing that it would appoint a guardian ad litem to investigate Florence's situation.[2] Following the announcement, Florence filed a motion challenging the probate court's jurisdiction, or in the alternative, a motion seeking a change of venue to Clark County. The probate court did not rule on Florence's motion. Nevertheless, the guardian ad litem met with Florence at the assisted-living facility. The guardian ad litem then submitted two reports to the probate court. In her reports, the guardian ad litem recommended that Florence be examined by a physician and that Florence be moved to a nursing-care facility near her home in Mercer County.
 {¶ 6} On December 22, 2004, the probate court entered a judgment which ordered Florence returned to Mercer County for thirty days so that both her long-time family physician and a physician specializing in Alzheimer's disease and dementia could examine her. The probate court also ordered that Florence spend Christmas Eve and Christmas Day, 2004, in Mercer County.
 {¶ 7} On December 28, 2004, Florence filed a notice of appeal from the December 22, 2004 judgment, as well as a motion to stay the order. On December 29, 2004, this court granted the stay. The probate court then ordered on January 19, 2005, that the guardian ad litem arrange for Florence to be examined at her assisted-care facility in Clark County.
 {¶ 8} On February 4, 2005, Florence filed a motion to disqualify the probate judge and an application for a writ of prohibition in the Supreme Court of Ohio. The supreme court granted an alternative writ of prohibition on March 14, 2005, and consequently, on March 23, 2005 this court stayed the appellate proceedings pending the supreme court's decision. Ultimately, the supreme court denied Florence's motion for disqualification and refused to issue a writ of prohibition.
 {¶ 9} This court must now consider Florence's appeal from the December 22, 2004, judgment. Although Florence asserts nine assignments of error for our review, we consider each assignment of error together for purposes of clarity.
 ASSIGNMENT OF ERROR NO. 1 The Probate Court erred in issuing its December 22, 2004Judgment because it lacks jurisdiction in this matter pursuant toOhio Rev. Code 2111.02 inasmuch as Ermal Florence has not livedor been physically present in Mercer County, Ohio for threeyears.
 ASSIGNMENT OF ERROR NO. 2 The Probate Court erred in appointing a "guardian ad litem" toengage in ex parte communications between such guardian adlitem and Ermal Florence.
 ASSIGNMENT OF ERROR NO. 3 The Probate Court erred by appointing a "guardian ad litem" toconduct ex parte communications with Ermal Florence, but notreflecting this in a Judgment or Order for four months, untilsuch "guardian ad litem" engaged in ex parte communicationswith Ermal Florence which were relied upon by the Probate Courtin its December 22, 2004 Judgment.
 ASSIGNMENT OF ERROR NO. 4 The Probate Court erred in relying upon and considering"reports" or other communications obtained through ex partecommunications with Ermal Florence.
 ASSIGNMENT OF ERROR NO. 5 The Probate Court erred in ordering Ermal Florence to move toMercer County, Ohio without conducting a hearing.
 ASSIGNMENT OF ERROR NO. 6 The Probate Court erred in ordering Ermal Florence to move toMercer County, Ohio without any evidence or compelling reason tonecessitate such a move.
 ASSIGNMENT OF ERROR NO. 7 The Probate Court erred in ordering Ermal Florence toimmediately relocate to Mercer County, Ohio absent anyemergency circumstances or evidence of any immediate threat toher health, welfare or well-being.
 ASSIGNMENT OF ERROR NO. 8 The Probate Court erred in ordering Ermal Florence to move toMercer County, Ohio on Christmas Eve and to spend Christmas Dayin Mercer County, Ohio.
 ASSIGNMENT OF ERROR NO. 9 The Probate Court erred in issuing a Judgment on December 22,2004 requiring Ermal Florence to relocate to Mercer County, Ohiobut not serving Ermal Florence's counsel with such Judgment untilDecember 24, 2004.
 {¶ 10} In the December 22, 2004 judgment, the probate court ordered that Florence be returned to Mercer County for thirty days to undergo a medical examination and that Florence spend Christmas Eve and Christmas Day, 2004, in Mercer County. Generally, Florence challenges: the probate court's jurisdiction to issue its judgment; the guardian ad litem's role in assisting the probate court render the judgment; the reports upon which the probate court based its judgment; and the manner in which the probate court notified her of its rulings as they relate to the judgment.
 {¶ 11} Even assuming, arguendo, the December 22, 2004 judgment constitutes a final and appealable order within the meaning of R.C. 2505.02(B), we find Florence's assignments of error to be moot. Florence was not, in fact, ever transferred to Mercer County, the time parameters set forth in the judgment have passed, and the probate court has since ordered that the guardian ad litem arrange for Florence to be examined at her assisted-care facility in Clark County.
 {¶ 12} Additionally, we note the probate court has not yet ruled on whether it maintains jurisdiction over the guardianship proceeding under R.C. 2111.02(A), or in the alternative, whether Mercer County is an appropriate venue for such a proceeding. Therefore, we decline to address those issues as they are not, at this time, properly before this court.
 {¶ 13} Because of the foregoing reasons, Florence's appeal must be dismissed.
Appeal dismissed.
 Shaw and Rogers, JJ., concur.
[1] The legality of this transfer and several other issues are the subject of a separate action pending before the Mercer County Court of Common Pleas, Civil Division.
[2] Although the probate court announced its decision during the pretrial hearing, it did not enter a judgment reflecting the appointment of the guardian ad litem until February 10, 2005.